# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

No. 21-1349V

(not to be published)

| | |
|---|---|
| JOHN ALLAIN,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: May 22, 2023<br><br>Special Processing Unit (SPU);<br>Attorney's Fees and Costs |

*Laura Levenberg*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Alexa Roggenkamp*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS[1]**

On May 13, 2021, John Allain filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered brachial neuritis as a result of his August 13, 2019, tetanus diphtheria acellular pertussis vaccination. Petition at 1. On December 21, 2022, I issued a decision awarding damages to Petitioner based on the Respondent's proffer. ECF No. 26.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $12,090.42 (representing $10,882.10 for fees and $1,208.32 for costs). Petitioner's Application for Attorney's Fees and Costs ("Motion") filed Mar. 17, 2023, ECF No. 31. In

---

[1] In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

accordance with General Order No. 9, counsel for Petitioner represents that Petitioner incurred no out-of-pocket expenses. *Id.* at 2.

Respondent reacted to the motion on Mar. 27, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 32. Petitioner did not file a reply thereafter.

The rates requested for work performed through the end of 2022 are reasonable and consistent with our prior determinations and will therefore be adopted. Petitioner has also requested 2023 attorney hourly rates for Laura Levenberg, at the rate of $375 per hour - representing a rate increase of $25. Motion at 1, And Petitioner requests an hourly rate of $177 for paralegal work performed in 2023. *Id.* at 10. I find these hourly rates to be reasonable and will award the attorney's fees requested. (And all time billed to the matter was also reasonably incurred).

Furthermore, Petitioner has provided supporting documentation for all claimed costs. Attachment to Motion at 12-26. Respondent offered no specific objection to the rates or amounts sought.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **I award a total of $12,090.42 (representing $10,882.10 for fees and $1,208.32 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Laura Levenberg.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[3]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.